John R. Tenney, J.
Petitioner seeks to set aside an order of revocation of his New York State driver’s license dated December 6, 1968, on the ground that the basis to the conviction does *311 not comply with section 510 (subd. 2, par. [d]) of the Vehicle and Traffic Law.
The parties concede that the petitioner was convicted of two speeding violations within a period of 18 months. At issue is a conviction under section 401 of the Vehicle and Traffic Law for operating an unregistered vehicle.
Petitioner while in the military service was stationed in the State of Oklahoma. During that period of time he operated a motor vehicle which had been duly registered in his name in the State of Oklahoma. The registration expired on January 31,1968, and the date of the conviction was June 19, 1968. Section 250 of the Vehicle and Traffic Law provides: “ A person es # * having a place of business in a * * * state * * * and owning a motor vehicle * * * used in connection with and garaged at such place of business which such owner is compelled to register in such foreign jurisdiction shall be deemed a resident of such foreign jurisdiction and a nonresident of this state within the meaning of this subdivision for the purpose of enjoying the privileges of this subdivision with respect to such vehicle. ’ ’ One of the privileges is that a violation of subdivision 18 of section 401 shall not constitute a misdemeanor unless the period following the expiration of the prior registration is in excess of nine months. If the expiration is less than nine months, the violation shall constitute a traffic infraction only, and thus, would not qualify as a basis to revocation of the license according to section 510 (subd. 2, par. [d]) of the Vehicle and Traffic Law.
Petitioner, as a member of the armed services, had a place of business within the meaning of the statute in the State of Oklahoma and was compelled to register his vehicle in that State. Clearly, it is the intention of section 250 to limit the effect of the neglect to renew a registration, compared to the failure to register at all.
Petitioner is entitled to the privileges of section 250 and his failure to register his vehicle within nine months was a traffic infraction only.
Inasmuch as there has been no compliance with the aforementioned section, the revocation of petitioner’s license is illegal, and the respondent, Vincent L. Tofany, as Commissioner of Motor Vehicles of the State of New York, is hereby directed to immediately return petitioner’s operator’s license.
Petitioner’s motion is granted.